IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

GREENVILLE DIVISION

| | |
|---|---|
| Benjamin Lewis Anderson, ) <br> ) <br> ) Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> Davita Upstate Dialysis Center; ) <br> ) <br> ) Defendant. ) <br>_____) | Civil Action No. 6:15-1361-MGL-KFM <br><br> **REPORT OF MAGISTRATE JUDGE** |

       The plaintiff is a resident of Lancaster, South Carolina. The defendant is a dialysis center in Greenville, South Carolina. The plaintiff discloses that he has a pending civil action against the dialysis center in the Court of Common Pleas for Greenville County: *Benjamin L. Anderson v. DaVita Upstate Dialysis Center*, Case No. 2014-CP-23-6070, which was filed on November 5, 2014. The Public Index database on the Greenville County Clerk of Court website (http://www.greenvillecounty.org/SCJD/PublicIndex/PISearch.aspx, last visited on March 26, 2015) indicates that Case No. 2014-CP-23-6070 is pending before the Court of Common Pleas for Greenville County. This court may take judicial notice of Case No. 2014-CP-23-6070. See *Mitchell v. Newsom*, Civil Action No. 3:11-0869-CMC-PJG, 2011 WL 2162723, at *3 n.1 (D.S.C. May 10, 2011) (collecting cases indicating that federal courts may take judicial notice of governmental websites, including court records), *adopted by* 2011 WL 2162184 (D.S.C. June 1, 2011).[1]

---

    [1]The plaintiff has a pending case in this court against the defendant. *See Benjamin Lewis Anderson v. Davita Upstate Dialysis Center; and Loma Linda University Medical*
(continued...)

The "STATEMENT OF CLAIM" portion of the complaint reveals that the plaintiff believes that the dialysis center subjected him to "different disparaging treatment" as compared to white patients from November through December 2013 and subjected him to "intense levels of discrimination" while he was receiving dialysis (doc. 1 at 3). The plaintiff contends that he was "engaged in protected activity and retaliated against" (*id*.), but the complaint does not specify what the plaintiff's "protected activity" was (*id*. at 3–6). According to the plaintiff, employees of the defendant caused his blood pressure to go "severely high" and caused emotional and physical stress (*id*. at 4–5). The plaintiff also states: "I allege that this same Nephreologist [*sic*] treated me differently because of my race by refusing to refill my prescription for [V]alium after their abuse" (*id*. at 5). The plaintiff also alleges that a "conspiratorial effort" effort existed among employees of the defendant that created a "hostility or hostile health care environment for all of The other African Americans" (*id*. at 6). In his prayer for relief, the plaintiff seeks a jury trial, any relief deemed appropriate by this court, and monetary and punitive damages of $170,000 (*id*. at 7).

Appended to the complaint are various exhibits. Exhibit A is a letter dated November 16, 2010, to the plaintiff from a Unit Chief in the Initial Processing Unit of the Inspection Division of the Federal Bureau of Investigation ("FBI") concerning the plaintiff's allegations of "intentional deception regarding satellite microwave intrusion spying interference w/employment" (doc. 1-1) The letter apprises the plaintiff that the FBI had reviewed the plaintiff's allegations and had determined that "there is no evidence of FBI misconduct" (*id*.). Exhibit B (doc. 1-3) is a copy of a declaration in support of an amended

---

(...continued)
*Center, of the Adventist Health System*, Civil Action No. 6:15-1114-MGL-KFM. In a Report and Recommendation (doc. 11) filed in Civil Action No. 6:15-1114-MGL-KFM on March 11, 2015, the undersigned recommended that the case be summarily dismissed *without prejudice*.

2

complaint in *Benjamin L. Anderson v. Loma Linda Community Hospital; and Loma Linda University Medical Center*, Case No. 90-1497 (C.D. Cal.), which was an employment discrimination case decided adversely to the plaintiff and affirmed on appeal. *See Benjamin L. Anderson v. Loma Linda Cmty. Hosp.*, No. 91-56331, 1993 WL 210803 (9th Cir. June 16, 1993). In that case, the plaintiff also alleged discrimination, harassment, and use of satellite microwaves. 1993 WL 210803, at *1. In its opinion, the United States Court of Appeals for the Ninth Circuit held that the plaintiff's claims under Section 1985 were time-barred; the defendants, as religious employers, were "exempt" with respect to religious discrimination; the district court did not err when it refused to reopen discovery; and the plaintiff had not established a prima facie case of racial discrimination or retaliation. *Id.* at *2–3.

Exhibit C (doc. 1-4 at 1–4) is a copy of a Non-Employment Initial Inquiry Questionnaire submitted by the plaintiff to the South Carolina Human Affairs Commission and dated December 13, 2013. Exhibit D (doc. 1-4 at 5–11) is a copy of a petition for rehearing filed by the plaintiff in the California Court of Appeal (Fourth District) on March 11, 1993, in *Benjamin L. Anderson v. Linda Linda Community Hospital, et al.*, Case No. E012274SVC261723, where the plaintiff had brought suit based on the alleged use of satellite microwaves against him.

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915. The plaintiff is a *pro se* litigant, and thus the plaintiff's pleadings are accorded liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 90–95 (2007)(*per curiam*). When a federal court is evaluating a *pro se* complaint or petition, the plaintiff's or petitioner's allegations are assumed to be true. *Merriweather v. Reynolds*, 586 F. Supp. 2d 548, 554 (D.S.C. 2008). Even under this less stringent standard, the complaint is subject to summary dismissal. The requirement of liberal construction does

not mean that the court can ignore a clear failure in the pleading to allege facts that set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

The defendant, as a private company or entity, has not acted under color of state law insofar as the plaintiff's claims under 42 U.S.C. § 1983 are concerned. *See American Mfr. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50–52 (1999); and *Childress v. First Citizens Bank*, Civil Action No. 2:13-1010-SB, 2013 WL 3229867, at *4 (D.S.C. June 25, 2013).

In any event, verbal harassment is not actionable under 42 U.S.C. § 1983. *Merriweather*, 586 F. Supp. 2d at 557 ("Moreover, the alleged verbal harassment, which is expressly alleged in the original complaint and alluded to in the amended complaint, does not constitute the violation of any federally protected right."). Emotional distress is also not actionable under Section 1983. *Id.* at 558–59.

Title II of the Civil Rights Act of 1964 prohibits discrimination based on race, color, religion, or national origin in the "full and equal enjoyment of the goods, services, facilities, privileges, advantages, and accommodations of any place of public accommodation." 42 U.S.C. § 2000a(a). A private individual may only obtain injunctive relief under Title II. In other words Title II does not authorize a claim for money damages. 42 U.S.C. § 2000a–3; *see also Wander v. Kaus*, 304 F.3d 856, 858 (9th Cir. 2002) (citing *Newman v. Piggie Park Enters., Inc.*, 390 U.S. 400, 401–02 (1968)). A plaintiff seeking injunctive relief based on an alleged past wrong must demonstrate a "real and immediate threat of repeated injury." *City of Los Angeles v. Lyons*, 461 U.S. 95, 101–02 (1983). The plaintiff alleges that the discrimination took place from October through December 2013 (doc. 1 at 3), so the plaintiff cannot satisfy the requirement of immediacy in the above-captioned case brought approximately fifteen months later.

Although not expressly cited by the plaintiff, Title VI of the Civil Rights Act provides that "[n]o person in the United States shall, on the ground of race, color, or national origin, be excluded from participation in, be denied benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance." 42 U.S.C. § 2000d.  A private individual may sue to enforce Title VI only in instances of intentional discrimination.  *See Alexander v. Sandoval*, 532 U.S. 275, 281 (2001).  The plaintiff's claims (if any) under Title VI are untimely because more than one year has passed since December 2013.  *Martin v. Clemson Univ.*, 654 F. Supp. 2d 410, 420 (D.S.C. 2009) ("As explained below, the magistrate applied sound legal principles and was correct in his analysis that Plaintiff's Title VI and Title IX claims were subject to a one-year statute of limitations and that Plaintiff filed her claims outside the limitations period.").  The submission of the Non-Employment Initial Inquiry Questionnaire by the plaintiff to the South Carolina Human Affairs Commission (doc. 1-4) does not toll the limitations period because exhaustion of administrative remedies is not required in a Title VI action.  *Martin*, 654 F. Supp. 2d at 422 ("To the extent Plaintiff attempts to argue that the statute of limitations should begin to run in March 2007 because she was required to exhaust her administrative remedies before filing suit, Title VI and Title IX do not contain this requirement. . . . Accordingly, the magistrate correctly ruled that Plaintiff filed her Title VI and Title IX claims outside the applicable one-year statute of limitations.)(citation omitted).

The plaintiff has not pled sufficient facts to pursue an action under 42 U.S.C. § 1985(3).  A plaintiff raising a claim pursuant to 42 U.S.C. § 1985(3) must allege: *(1)* that some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' action; and *(2)* that the conspiracy aimed at interfering with rights that are protected against private, as well as official, encroachment.  *Bray v. Alexandria Women's Health Clinic*, 506 U.S. 263, 268 (1993).  Secondly, generalized allegations of conspiracy

5

are not sufficient to state a claim under Section 1985.  *Patterson v. Goudelock*, Civil Action No. 3:10-cv-3019-MBS-BM, 2010 WL 6986140, at *3 (D.S.C. Dec. 16, 2010), *adopted by* 2011 WL 2672566 (D.S.C. June 30, 2011).

This federal court does not have diversity jurisdiction to consider any state law claims pursuant to South Carolina law, such as medical malpractice (doc. 1 at 4–6) or the tort of outrage, because the plaintiff and the defendant are citizens of South Carolina.  *See* 28 U.S.C. § 1332; and *Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267, 267 (1806).

Based on the foregoing, it is recommended that the district court summarily dismiss the above-captioned case *without prejudice* and without service of process.  The plaintiff's attention is directed to the Notice on the next page.

March 26, 2015                                                  s/ Kevin F. McDonald
Greenville, South Carolina                                United States Magistrate Judge

**Notice of Right to File Objections to Report and Recommendation**

The plaintiff is advised that he may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (*quoting* Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Robin L. Blume, Clerk of Court
United States District Court
300 East Washington Street — Room 239
Greenville, South Carolina 29601**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).